UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ROGER BORROEL,                         )
    Plaintiff,                            )
                                       )
v.                                     )  CAUSE NO.: 2:06-CV-00438-PRC
                                       )
UNITED STATES DEPARTMENT OF            )
THE ARMY,                              )
    Defendant.                            )

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Affirm the Decision of the Army Board for Correction of Military Records [DE 18], filed by Defendant United States Department of Army on May 15, 2007, and sua sponte on the issue of remand. On May 22, 2007, Plaintiff Roger Borroel, proceeding in this matter pro se, filed a response. On June 1, 2007, the Army filed a reply. Based on the following, the Court denies the Motion to Affirm and remands this matter for further evaluation by the Army Board for Correction of Military Records.

**PROCEDURAL AND FACTUAL BACKGROUND**

Roger Borroel enlisted in the United States Army on September 6, 1967. On December 1, 1968, the Army sent Mr. Borroel to Vietnam, where he served until December 14, 1969. On October 6, 1970, the Army discharged Mr. Borroel from active duty. On August 15, 1973, the United States Army Reserve honorably discharged Mr. Borroel with an effective discharge date of September 1, 1973. For his service in Vietnam, Mr. Borroel received a National Defense Service Medal, a Vietnam Service Medal, and a Vietnam Campaign Medal.

The details of Mr. Borroel's service in Vietnam and how those details are reflected in his military record are at issue in this matter. On the day he left Vietnam, December 14, 1969, Mr. Borroel signed a DA Form 20, which documents his pre-military background, military training, and

military assignments.  The DA Form 20 reflects that Mr. Borroel served a number of assignments with his principal job duties ranging from supply clerk to ammunition handler and cannoneer.  A section of the form titled record of assignments, states that Mr. Borroel served with eight different Army units both domestically and abroad in Okinawa and Vietnam.

No further action was taken with regard to Mr. Borroel's military service record until July 23, 2002, when Mr. Borroel filed an application with the Army Board for Correction of Military Records ("ABCMR").  In his application, Mr. Borroel alleged that his military record contained numerous errors and requested that those errors be corrected.  Specifically, Mr. Borroel claimed that there were errors in the physical status, specialized training, and assignment sections of his military record.

On February 4, 2003, the ABCMR denied Mr. Borroel's application.  On April 21, 2006, Mr. Borroel submitted a request for reconsideration.  On November 21, 2006, the ABCMR denied the request for reconsideration as untimely, thereby making the February 4, 2003 ruling the ABCMR's final decision.

On January 10, 2007, Mr. Borroel filed a Complaint with the United States District Court for the Northern District of Indiana.  Mr. Borroel alleged that the Army, by the ABCMR, violated his rights under 42 U.S.C. § 1983 and deprived his privilege and right to correction of his military record.  Mr. Borroel's Complaint contends that the assignment portion of his military record is incorrect.  The lawsuit does not address the alleged mistakes in the physical status and specialized training section that Mr. Borroel complained of in his original application for change of record.

In his prayer for relief, Mr. Borroel requests that his "military record ... reflect that [he] was with, Bravo 2nd 506th Infantry company[.]"  *See* Pl.'s Compl. at 3.  Mr. Borroel alleges that he

2

served as an "artillery Radio Telephone Operator, aka RTO on the Forward OR-server Artillery team, attached to B/2/506th Infantry from at least the early part of June, 1969, when I was ordered to the company, up till [sic] at least, 2 September 1969." *Id*. at 3. In support of his desired record of service, Mr. Borroel attached a letter signed by Ronnie B. Rondem, who both men represent served as Mr. Borroel's commanding officer in Vietnam with the 2/506th Infantry. Mr. Rondem's letter represents that Mr. Borroel served with 2/506th Infantry during the period of time Mr. Borroel contends he served. Mr. Borroel also submitted a number of military records that he contends support his claim.

At a March 29, 2007, Rule 16(b) preliminary pretrial conference, Mr. Borroel acknowledged that he filed this action in order to have his military records modified or corrected and that he is not seeking damages. The parties agreed that formal discovery is not necessary.

The parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

The Army requests that the Court grant the instant Motion and affirm the decision of the Army review board. Granting the Motion would effectively dispose of this case. Thus, the Court views this Motion as being potentially dispositive and will analyze the review board's decision denying Mr. Borroel's application with appropriate scrutiny.

The Court has limited discretion to disturb the military review board's finding. The military, "acting through boards of civilians of the executive part of that military department," such as the ABCMR, may adjust military records "when the Secretary [of the military department] considers

it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1); *see also Smith v. Harvey*, 458 F.3d 669, 671-72 (7th Cir. 2006). Judicial review of a decision of a military board of corrections is "limited to the administrative record before the deciding official or officials." *Martinez v. U.S.*, 77 Fed. Cl. 318, 324 (2007); (quoting *Wyatt v. U.S.*, 23 Cl. Ct. 314, 319 (1991)). The decisions of such military boards "'are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence.'" *Smith*, 458 F.3d 672 (quoting *Chappell v. Wallace*, 462 U.S. 296, 303 (1983)). There exists a strong but rebuttable presumption that military administrators discharge their duties correctly, lawfully, and in good faith. *See Martinez*, 77 Fed. Cl. at 324 (citing *Porter v. U.S.*, 163 F.3d 1304, 1316 (Fed. Cir. 1998)). The plaintiff bears the burden of proving a deficiency in the reviewing board's decision by "cogent and clearly convincing evidence." *Martinez*, 77 Fed. Cl. 318, 324 (quoting *Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed. Cir. 1986)).

As a practical matter, a substantial part of the case law regarding military review boards comes from the Federal Court of Claims. This is a result of the Federal Court of Claims' jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department." 28 U.S.C. § 1491(a)(1). Thus, part of the Court's analysis will consider decisions rendered by the topically well versed Federal Court of Claims.

Here, the Army argues that the ABCMR's decision to deny Mr. Borroel's requested amendment to his military record should be upheld because it was not arbitrary, capricious, or contrary to the law, and it was fully supported by the evidence of record. In his response, Mr. Borroel asserts the following arguments: (1) he submitted sufficient evidence in his application and

supporting documents to establish that an error or injustice exists in his military record; (2) the ABCMR is not sufficiently qualified or experienced to make conclusions about Army practices or procedures; and (3) he signed the DA Form 20 without a chance to examine the form and realize what he signed.

### A.  Proof of error or injustice

Opposing the Army's Motion, Mr. Borroel contends that his application, combined with the evidence attached thereto, establishes that the ABCMR's refusal to modify his military record was an unjust error.  The Army contends that Mr. Borroel failed to introduce sufficient evidence to alter his record.  In order to alter a military record, the Code of Federal Regulations state that "[t]he applicant has the burden of proving an error or injustice by a preponderance of the evidence."  32 C.F.R. § 581.3(e)(2).  "[T]he ABCMR begins its consideration of each case with the presumption of administrative regularity."  *Id*.  However, "correction boards are obligated to 'examine relevant data and articulate a satisfactory explanation for their decisions."  *Rominger v. U.S.*, 72 Fed. Cl. 268, 273 (2006) (quoting *Van Cleave v. U.S.*, 66 Fed. Cl. 133, 136 (2005)).  "Correction boards are required to make rational connections between the facts found and the choices made."  *Id*.  Accordingly, "where a correction board fails to support its decision with a reasoned explanation of an important issue, a remand is appropriate."  *Rominger*, 72 Fed. Cl. at 273.

Judicial reversal or remand of decisions rendered by a military board are rare due to the deferential standard of review.  However, *Rominger* provides an example of remand.  *See* 72 Fed. Cl. at 273.  In *Rominger*, a former Staff Sergeant with the Army applied to the ABCMR seeking a reassessment of his disability rating.  The Staff Sergeant believed that his rating was of less severity than appropriate for his condition.  The Staff Sergeant submitted supporting medical records with

5

his application. The ABCMR denied his application. On review, the court found that the ABCMR reiterated the undisputed factual evidence but did not provide any explanation for why the Army should not reconsider its disability rating in light of the supportive medical records submitted by the plaintiff. *See id*. Finding that it was unable to affirm the ABCMR's denial because the decision was not sufficient for any meaningful judicial review, the court remanded the matter for a proper evaluation of the plaintiff's disability rating. *See id*.

The arbitrary and capricious standard, in the context of military board review, received clarification by the United States Court of Appeals for the Seventh Circuit in *Smith*. *See* 458 F.3d at 673. In *Smith*, the court undertook judicial review of the ABCMR's decision denying the application of a former Army medical services corps member who sought constructive service credit for time spent studying medicine. The plaintiff believed that based on additional service credit for his education, his Army ranks should have been retroactively elevated. After engaging in a substantive analysis of the military rule implicated by the plaintiff's application, and reviewing the ABCMR's analysis and application of that rule, the court upheld the ABCMR's decision. *See id*. The court reasoned, "[a]lthough the ABCMR's interpretation is certainly not the only reasonable reading of [the rule at issue], it is one such reasonable interpretation. The Board's decision is therefore not arbitrary and capricious." *Id*. at 674.

Here, the three-member ABCMR panel found that Mr. Borroel failed to submit sufficient evidence to establish that his military record contained an error or was unjust. The ABCMR relied on the DA Form 20 signed by Mr. Borroel, and the fact that Mr. Borroel did not appear on any daily roll call reports of the 2/506th Infantry. The ABCMR was able to review Mr. Borroel's four-page Application For Correction of Military Record and the supporting letter submitted by Ronnie

6

Rondem.  In addition, the ABCMR was able to review a number of exhibits attached to Mr. Borroel's application, including copies of an Army education certificate, certifying that Mr. Borroel completed a high school level test of general educational development ("GED"); a military test report, which appears to show the numerical test results of Mr. Borroel's GED examination; and what appears to be a partial physical examination record dated September 1969.  All three exhibits contain handwritten notations stating, "B/2/506th Inf. - 101st."  *See* R. at 18-20.  Two of the documents include notations stating "Borroel, Roger" and the third includes "Ronald Rondem CPT. INF."  R. at 18-20.  The ABCMR was also able to review Mr. Borroel's Army personnel file.

Mr. Borroel's Army personnel file is reproduced in the administrative record.  The personnel file contains copies of the three documents described above that identify Mr. Borroel and the 2/506th Infantry division.  The Army's copy of the military test report contains the same notation as Mr. Borroel's copy and states, "Borroel, Roger CoB2nd 506thInf.101st Abr Div"; however the notation appears to be blacked out and can only be read upon close visual inspection.  *Compare* R. at 68, *with* R. at 19.  The Army's copy of the partial physical examination record also contains a blacked out notation, which appears to be an identical notation to that contained on the copy submitted by Mr. Borroel, and states, "Borroel, Roger B/2/506th Inf."  *Compare* R. at 69, *with* R. at 20.  The Army's copy of the GED certificate does not contain a notation matching the one submitted by Mr. Borroel but it does contain a now blacked out signature, which matches the signature on the certificate submitted by Mr. Borroel, and appears to be that of Mr. Rondem.  *Compare* R. at 70, *with* R. at 18.

Mr. Rondem's letter, also attached to Mr. Borroel's application, states that Mr. Rondem was the Company Commander of B Company, 2nd Battalion, 506th Airborne Infantry and that Mr. Borroel was assigned to that unit from April 25, 1969 until September 2, 1969.  Likely anticipating

7

the ABCMR's review, Mr. Rondem attempts to explain why no reports exist showing that Mr. Borroel was assigned to Company B, 2/506th Infantry. By way of explanation, from the record in evidence, the Court understands that in Vietnam, soldiers' locations were monitored through reports referred to as morning reports, which were in effect roll calls reduced to writing. Mr. Rondem explains that Mr. Borroel's attachment was "an operational attachment that is effected through standard operating procedure from a direct support artillery battalion." R. at 4. Mr. Rondem states that such an attachment would not change the military occupational specialty of the attached soldier but that the soldier would still be thought of as a full member of the infantry company. Mr. Rondem states that the manner of Mr. Borroel's attachment resulted in his absence from the 2/506th Infantry's morning reports.

After reviewing the documents submitted by Mr. Borroel, the ABCMR found that "there is no evidence of record to show that he was attached to the 2/506th Infantry." R. at 8. Evaluating Mr. Rondem's letter, the ABCMR acknowledged Mr. Rondem's statement but found it factually unpersuasive. The ABCMR found that "the morning report was the means used to keep track of the whereabouts of military personnel, a procedure vitally important, especially in a combat zone." *Id*. The ABCMR concluded that "a morning report entry should have been made even if attachment orders had not been published." *Id*. The Court finds that the ABCMR accounted for Mr. Rondem's letter and found it to be factually unpersuasive. The ABCMR supported its conclusion, finding that the morning reports were the method used to track troops in Vietnam. The ABCMR gave a reasoned explanation for not relying on Mr. Rondem's letter and the explanation is supported by the Board's own judgment.

With respect to the other documents submitted by Mr. Borroel, the ABCMR devoted one sentence of analysis and found that "[t]he other documents (GED certificate, etc.,) purporting to show he was attached to the 2/506th Infantry are insufficient evidence of record to verify that fact." *Id.* The ABCMR seemingly relied on the DA Form 20 to disregard the other documents. The DA Form 20, in two handwritten entries, represents that Mr. Borroel served with two other units on the dates that he contends he was with the 2/506th Infantry. Despite the DA Form 20, the Court finds that the ABCMR did not sufficiently consider the evidence contained in the three documents attached to Mr. Borroel's application. Each document contains references to Mr. Borroel and the 2/506th Infantry, which is evidence that directly supports his claim. The ABCMR merely dismissed the documents as insufficient evidence to satisfy Mr. Borroel's burden of proof. Like *Rominger*, the ABCMR failed to engage in a meaningful analysis of the documents and the Court is therefore unable to conduct an informed review of the Board's denial. The ABCMR did not account for the fact that Mr. Borroel's official military personnel file contains documents identical to those submitted in his application, which identify Mr. Borroel and the 2/506th Infantry. Nor did the ABCMR acknowledge that the portions of the Army's copies of the documents identifying Mr. Borroel, his commanding officer, and the 2/506th Infantry are blacked out. The altered appearance of these documents in Mr. Borroel's military personnel file, and the fact that they bear Mr. Borroel's name and the name of the Infantry unit that he claims he was a member of, raises a significant factual issue about the contents of Mr. Borroel's ABCMR application. Without reasoned consideration by the ABCMR explaining the existence of the documents and their altered state in the Army's records, the Court is unable to conclude that the ABCMR's decision is supported by

substantial evidence. Therefore, the Court remands this matter for the ABCMR to provide a reasoned explanation of the documents submitted in support of Mr. Borroel's application.

### B. ABCMR authority

Mr. Borroel also argues that the ABCMR is comprised of civilian employees of the Army who do not have sufficient experience to render conclusions about technical military practices, such as the procedure involving morning reports. Mr. Borroel's argument is a response to the Army's statement in its brief that "based on the extensive expertise and experience of the board members, it just did not make sense for a solider to be attached to a unit and for the unit to refuse or fail to account for that soldier in its morning reports." Def.'s Br. at 7. Mr. Borroel responded, "where did the [ABCMR Board members] get all this, 'extensive expertise and experience' from? Were any of these people in Vietnam at the time, circa 1969? Do they claim to know ALL the standard operating procedures ... of every artillery battery and/or infantry company?" Pl.'s Br. at 3.

Title 10 of the United States Code vests the power to decide requests by former soldiers to modify their service records in the ABCMR. *See* 10 U.S.C. § 1552. Specifically, the Code states, "[t]he Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice. ... [S]uch corrections shall be made by the Secretary acting through boards of civilians of the executive part of that military department." 10 U.S.C. § 1552(a)(1). The ABCMR is the Army's civilian board and pursuant to the Code of Federal Regulations, its members have the authority to "[d]eny applications when the alleged error or injustice is not adequately supported by the evidence, and when a hearing is not deemed proper." 32 C.F.R. § 581.3(b)(4)(iv).

In its decision, the ABCMR considered Mr. Borroel's argument concerning the morning reports. Mr. Borroel supported his contention with the statement of his former commanding officer, Mr. Rondem, who stated that Mr. Borroel would not have appeared on a morning report with the 2/506th Infantry. The ABCMR disagreed and found that the morning report was the method used by the Army to keep track of soldiers in Vietnam. The ABCMR decided to rely on its understanding of military procedure and not follow the argument of Mr. Borroel and the supporting letter submitted by Mr. Rondem. The Court finds that the ABCMR has the power to decide issues such as those presented in Mr. Borroel's application. The ABCMR considered the merits of Mr. Borroel's request and acted within its legal authority to conclude that Mr. Borroel's argument was not adequately supported by the evidence of record.

### C.  DA Form 20

Finally, Mr. Borroel argues that the DA Form 20 which he signed at the end of his service, verifying specific factual elements of his service record, is not reliable and should be corrected. Mr. Borroel acknowledges that he signed the DA Form 20 at the end of his active service but states that he signed it in a processing line environment where he was rushed through the process causing him to quickly sign the form. Mr. Borroel suggests that this was standard operating procedure for enlisted soldiers signing the DA Form 20 at the end of their service. Mr. Borroel argues that because he was never able to fully review the form, he should now be able to amend its contents. The Army relies heavily on the fact that the form Mr. Borroel signed at the end of his service included a section detailing personnel assignments and that Mr. Borroel's form did not include any mention of an assignment to the 2/506th Infantry.

11

The Court does not question Mr. Borroel's representations with regard to the conditions under which he signed the DA Form 20. However, the Court finds that Mr. Borroel's allegations, without further evidentiary support, are not sufficient to disturb the ABCMR's decision. The Court notes that a substantial amount of time passed from the end of Mr. Borroel's military service in 1973 until he submitted his application for an amendment to his records in 2003. It is fair to say that a good deal of evidence that would support or contradict Mr. Borroel's contention may no longer be available. The passage of time also limits the ABCMR's ability to analyze Mr. Borroel's contention. Based on the lack of evidentiary support for Mr. Borroel's contention and the length of time that has passed since the events forming the basis of his contention, the Court finds that Mr. Borroel did not present adequate cogent and clearly convincing evidence that the DA Form 20 should be reformed due to the circumstances surrounding Mr. Borroel's signature.

## CONCLUSION

Based on the foregoing, the Court **DENIES** the Defendant's Motion to Affirm the Decision of the Army Board for Correction of Military Records [DE 18], and acting sua sponte, **REMANDS** this matter to the ABCMR for further proceedings consistent with this Order.

SO ORDERED this 11th day of September, 2007.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record and Plaintiff Roger Borroel, *pro se*, 5520 Homerlee Avenue, East Chicago, IN 46312.